NOT FOR PUBLICATION

FILED

DEC 12 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OMNIGEN RESEARCH, LLC and
PRINCE AGRI PRODUCTS, INC.,

Plaintiffs-Appellees,

v.

YONGQIANG WANG; et al.,

Defendants-Appellants.

No.    16-35471

D.C. No. 6:16-cv-00268-MC

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted December 7, 2016**
Seattle, Washington

Before:  McKEOWN, TALLMAN, and CHRISTEN, Circuit Judges.

Yongqiang Wang, Yan Zheng, and Bioshen (collectively, "Wang") appeal

an order granting a preliminary injunction against them.  We have jurisdiction

under 28 U.S.C. § 1292(a).  We review for abuse of discretion the grant of a

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

preliminary injunction and may remand where a district court's findings of fact and conclusions of law supporting the injunction are insufficient to permit meaningful review. *Fed. Trade Comm'n v. Enforma Nat. Prods., Inc.*, 362 F.3d 1204, 1211–12 (9th Cir. 2004).

OmniGen Research, LLC and Prince Agri Products, Inc. (collectively, "OmniGen") brought this action against Wang, alleging copyright infringement and various state-law claims. Shortly after filing its complaint, OmniGen moved for a preliminary injunction that would prohibit Wang from retaining or using confidential information and that would force Wang to take certain affirmative actions.

The district court orally granted the preliminary injunction during a telephonic conference with the parties, stating that the record "consists solely of what are quite clear declarations and evidence presented by the plaintiff that there has been numerous violations of copyright, patent, and protected information." The court made no findings of fact or conclusions of law on the record, nor did it discuss the standard for granting a preliminary injunction.

Later that day, the court entered a written order that granted the preliminary injunction; the order copied the terms of the proposed injunction found in

2

OmniGen's motion papers. The order prohibited Wang from taking certain actions and mandated that Wang take other affirmative actions, but offered no reasons to support this injunction. The order did not include findings of fact or conclusions of law, did not reference the standard for granting a preliminary injunction, and did not address the issue of a security.

Understandably, the district court may have taken this approach because Wang offered no substantive opposition. Nonetheless, the preliminary injunction was deficient under Federal Rules of Civil Procedure 52 and 65. The district court did not make the findings of fact and conclusions of law required by Rule 52(a). The district court also did not "state the reasons" for issuing the injunction or address the issue of a security, as required by Rule 65. Finally, the district court did not mention or acknowledge the standard for granting a preliminary injunction. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Courts may not presume irreparable harm in copyright infringement cases. *Flexible Lifeline Sys. v. Precision Lift, Inc.*, 654 F.3d 989, 994–98 (9th Cir. 2011).

**REVERSED** and **REMANDED**. The preliminary injunction shall remain in place for a reasonable time not to exceed 90 days to allow the district court to enter the necessary findings of fact and conclusions of law supporting injunctive

3

relief, consistent with this disposition. In light of this disposition, we need not

reach the other issues on appeal. Each party shall pay its own costs on appeal.